# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VELASCO, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-00250 AWI-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE ACTIONS<br><br>(Document 28) |

Plaintiff Paul Montanez ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.  Pursuant to the Court's February 12, 2013, order, this action is proceeding against (1) Defendants Velasco and Murry for deliberate indifference in violation of the Eighth Amendment and negligence; and (2) California Correctional Institution ("CCI") for violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act.

On February 26, 2013, Defendants Velasco and Murry filed a Motion to Dismiss the negligence claim.  On May 10, 2013, Defendant CCI filed a Motion to Dismiss the all claims against it.  Both motions are pending.

On May 20, 2013, Plaintiff filed a seeking to consolidate this action with <u>Montanez v. Velasco</u>, 1:12-cv-00229 GSA (PC).  Defendants opposed the motion on June 4, 2013, and Plaintiff filed a reply on June 21, 2013.

1

# DISCUSSION[1]

The Court has broad discretion to consolidate actions which involve a common question of law or fact. Fed. R. Civ. P. 42(a)(2); Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir. 2008); Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). The purpose of consolidation under Rule 42(a), where cases share such common questions of law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings and effort. See Team Enters., LLC v. Western Inv. Real Estate Trust, 2008 WL 4712759 (E.D. Cal. 2008).

The instant case was filed on February 22, 2012, is proceeding against Defendants Velasco, Murry and CCI for events occurring on June 25, 2009. Plaintiff alleges that Defendants Velasco and Murry, while transporting him to an orthopedic specialist for a follow-up appointment for wrist surgery, used flex cuffs on Plaintiff's arms despite Plaintiff's reports of a waist-chain chrono and complaints of pain. Plaintiff contends that CCI violated the Americans with Disabilities Act and the Rehabilitation Act when transportation officers refused to honor Plaintiff's waist-chain chrono on June 25, 2009. As explained above, this case has been screened and there are two Motions to Dismiss pending.

Case 1:12-cv-00229 GSA (PC) was filed on February 17, 2012, against Defendants Velasco and Campbell. His complaint alleges that Defendant Velasco, in retaliation for Plaintiff's filing of a grievance against him, violated his First Amendment right to freedom of speech, his Sixth Amendment right to counsel, his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. The allegations are based on events occurring on December 14, 2009, when Defendant Velasco was preparing Plaintiff to be transported to his physical therapy session. Plaintiff contends that in retaliation for filing a grievance, Defendant Velasco subjected him to an unclothed body search while Defendant Campbell watched nearby. Defendants ultimately refused to transport Plaintiff to his appointment and filed a false rules violation report against him. The action has not yet been screened.

---

[1] Plaintiff moves to combine the actions pursuant to Federal Rule of Civil Procedure 18(a), which governs joinder of claims. Plaintiff's request to consolidate two separate actions is governed by Rule 42(a)

Plaintiff believes that the two actions should be consolidated because Defendant Velasco's actions in 12-cv-00229 are "directly tied" to his actions in this case. Mot. 2. He contends that the actions are connected because Defendant Velasco's retaliatory actions in 12-cv-00229 were "a result of the instant complaint filed against Defendant Velasco." Reply 2.

However, although the two actions share a common Defendant, they do not involve sufficient common questions of law or fact to make consolidation beneficial. This action is based on Defendants Velasco and Murry's treatment of Plaintiff during a June 2009 transport, as well as CCI's failure to honor a waist-chain chrono on that day. Case 12-cv-00229 alleges retaliation and other claims based on Defendant Velasco's and Campbell's treatment of Plaintiff during a December 2009 transport. Although the actions are connected insofar as they share Defendant Velasco and his alleged behavior, the actions involve different events, different theories and different Defendants.[2]

Moreover, the two actions are in different stages of litigation. Defendants have responded in this action with two pending Motions to Dismiss. Case 12-cv-00229 has not yet been screened, however, and this would result in delay to Defendants in litigating this action.

Based on the above, Plaintiff's Motion to Consolidate is DENIED.

IT IS SO ORDERED.

Dated:   **August 7, 2013**                    /s/ Dennis L. Beck
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff states that in 1:10-cv-01931 AWI BAM (PC), the Court found that Plaintiff may state a cognizable claim against Defendants Velasco and Campbell, but that the claims needed to be brought in a separate action pursuant to Rule 18. Plaintiff ultimately filed 1:12-cv-00229 for the claims against Velasco and Campbell. The fact that he may state a claim does not, however, govern whether the actions should be consolidated.

3