1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

EASTERN DISTRICT OF CALIFORNIA

10

11   PAUL MONTANEZ,                                    Case No. 1:12-cv-00250 AWI-DLB PC

12              Plaintiff,                            ORDER DENYING PLAINTIFF'S
                                                      MOTION TO CONSOLIDATE ACTIONS
13      v.
                                                      (Document 28)
14   VELASCO, et al.,

15              Defendants.

16

17        Plaintiff Paul Montanez ("Plaintiff") is a California state prisoner proceeding pro se in this

18   civil action pursuant to 42 U.S.C. § 1983.  Pursuant to the Court's February 12, 2013, order, this

19   action is proceeding against (1) Defendants Velasco and Murry for deliberate indifference in

20   violation of the Eighth Amendment and negligence; and (2) California Correctional Institution

21   ("CCI") for violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act.

22        On February 26, 2013, Defendants Velasco and Murry filed a Motion to Dismiss the

23   negligence claim.  On May 10, 2013, Defendant CCI filed a Motion to Dismiss the all claims against

24   it.  Both motions are pending.

25        On May 20, 2013, Plaintiff filed a seeking to consolidate this action with Montanez v.

26   Velasco, 1:12-cv-00229 GSA (PC).  Defendants opposed the motion on June 4, 2013, and Plaintiff

27   filed a reply on June 21, 2013.

28

1

1

**DISCUSSION**[1]

2      The Court has broad discretion to consolidate actions which involve a common question of

3  law or fact.  Fed. R. Civ. P. 42(a)(2); Pierce v. County of Orange, 526 F.3d 1190, 1203 (9th Cir.

4  2008); Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir.

5  1989).  The purpose of consolidation under Rule 42(a), where cases share such common questions of

6  law or fact, is to enhance trial court efficiency by avoiding unnecessary duplication of proceedings

7  and effort.  See Team Enters., LLC v. Western Inv. Real Estate Trust, 2008 WL 4712759 (E.D. Cal.

8  2008).

9      The instant case was filed on February 22, 2012,  is proceeding against Defendants Velasco,

10  Murry and CCI for events occurring on June 25, 2009.  Plaintiff alleges that Defendants Velasco and

11  Murry, while transporting him to an orthopedic specialist for a follow-up appointment for wrist

12  surgery, used flex cuffs on Plaintiff's arms despite Plaintiff's reports of a waist-chain chrono and

13  complaints of pain.  Plaintiff contends that CCI violated the Americans with Disabilities Act and the

14  Rehabilitation Act when transportation officers refused to honor Plaintiff's waist-chain chrono on

15  June 25, 2009.  As explained above, this case has been screened and there are two Motions to

16  Dismiss pending.

17      Case 1:12-cv-00229 GSA (PC) was filed on February 17, 2012, against Defendants Velasco

18  and Campbell.  His complaint alleges that Defendant Velasco, in retaliation for Plaintiff's filing of a

19  grievance against him, violated his First Amendment right to freedom of speech, his Sixth

20  Amendment right to counsel, his Fourteenth Amendment right to due process and his Eighth

21  Amendment right to be free from cruel and unusual punishment.  The allegations are based on events

22  occurring on December 14, 2009, when Defendant Velasco was preparing Plaintiff to be transported

23  to his physical therapy session.  Plaintiff contends that in retaliation for filing a grievance, Defendant

24  Velasco subjected him to an unclothed body search while Defendant Campbell watched nearby.

25  Defendants ultimately refused to transport Plaintiff to his appointment and filed a false rules

26  violation report against him.  The action has not yet been screened.

27

28

---

[1] Plaintiff moves to combine the actions pursuant to Federal Rule of Civil Procedure 18(a), which governs joinder of claims.  Plaintiff's request to consolidate two separate actions is governed by Rule 42(a)

1    Plaintiff believes that the two actions should be consolidated because Defendant Velasco's

2 actions in 12-cv-00229 are "directly tied" to his actions in this case.  Mot. 2.  He contends that the

3 actions are connected because Defendant Velasco's retaliatory actions in 12-cv-00229 were "a result

4 of the instant complaint filed against Defendant Velasco."  Reply 2.

5    However, although the two actions share a common Defendant, they do not involve sufficient

6 common questions of law or fact to make consolidation beneficial.  This action is based on

7 Defendants Velasco and Murry's treatment of Plaintiff during a June 2009 transport, as well as

8 CCI's failure to honor a waist-chain chrono on that day.  Case 12-cv-00229 alleges retaliation and

9 other claims based on Defendant Velasco's and Campbell's treatment of Plaintiff during a December

10 2009 transport.  Although the actions are connected insofar as they share Defendant Velasco and his

11 alleged behavior, the actions involve different events, different theories and different Defendants.[2]

12    Moreover, the two actions are in different stages of litigation.  Defendants have responded in

13 this action with two pending Motions to Dismiss.  Case 12-cv-00229 has not yet been screened,

14 however, and this would result in delay to Defendants in litigating this action.

15    Based on the above, Plaintiff's Motion to Consolidate is DENIED.

16

17 IT IS SO ORDERED.

18    Dated:   **August 7, 2013**                    /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE
19

20

21

22

23

24

25

26

27

28
[2] Plaintiff states that in 1:10-cv-01931 AWI BAM (PC), the Court found that Plaintiff may state a cognizable claim against Defendants Velasco and Campbell, but that the claims needed to be brought in a separate action pursuant to Rule 18.  Plaintiff ultimately filed 1:12-cv-00229 for the claims against Velasco and Campbell.  The fact that he may state a claim does not, however, govern whether the actions should be consolidated.

3