# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | Case No. 1:12-cv-00250 AWI-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS |
| v. | |
| VELASCO, et al., | (Document 18) |
| Defendants. | |

Plaintiff Paul Montanez ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Pursuant to the Court's February 12, 2013, order, this action is proceeding against (1) Defendants Velasco and Murry for deliberate indifference in violation of the Eighth Amendment and negligence; and (2) the California Correctional Institution ("CCI") for violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act.

On February 26, 2013, Defendants Velasco and Murry filed a Motion to Dismiss the negligence claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition on June 6, 2013, and Defendants filed a reply on June 13, 2013. The motion is deemed submitted pursuant to Local Rule 230(l).

**A.** **LEGAL STANDARD**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts

1

alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007), cert. denied, 553 U.S. 1031 (2008); Huynh, 465 F.3d at 1003-04; Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**B.   PRESENATION OF CLAIM**

Under the California Government Claims Act (the "Act"), set forth in California Government Code sections 810 *et seq*., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board (the "Board"), and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." Munoz v. California, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974)

(citations omitted).  Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official.  State v. Superior Court (Bodde), 32 Cal.4th 1234, 1244 (2004).  Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."  Id. at 1239 (fn.omitted).

Consistently, federal courts require compliance with the Act for pendant state law claims that seek damages against state public employees or entities.  Willis v. Reddin, 418 F.2d 702, 704 (9th Cir.1969); Mangold v. California Pub. Util. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995).  State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the claim presentation requirement.  Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988); Butler v. Los Angeles County, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action."  Cal. Govt. Code § 911.2.  Should a claimant miss this deadline, the claimant may file a written application for leave to file a late claim, within a year after the accrual of the cause of action.  Cal. Govt. Code § 911.4.  If the Board denies the application, the notice of denial must include a warning to the claimant that no court action may be brought on the claim unless the claimant first files a petition with the appropriate court requesting relief from the claim presentation requirement, and obtains a court order granting such relief.  Cal. Govt. Code § 911.8.  Such a request must be filed in the superior court where the trial for such an action would occur.  If it is filed in the incorrect court, the action shall be transferred to the proper court.  Cal. Gov. Code § 946.6(a).  Failure to obtain such relief bars any suit on the claim.

**C.      DISCUSSION**

   1.     *Plaintiff's Allegations*

Plaintiff alleges that on June 25, 2009, Defendants Velasco and Murry were transporting him to an orthopedic specialist for a follow-up appointment for wrist surgery.  Defendants did not have mechanical leg restraints, so they used flex cuffs on Plaintiff's arms despite his reports of a waist-chain chrono and complaints of pain.  Plaintiff alleges that Defendants ignored him, cuffed the flex

3

cuffs to a black box in front of him and pulled the zip tie connecting the cuffs and box all the way. Plaintiff was forced to slouch over in an awkward position. Plaintiff told Defendants that according to doctor's orders and a chrono, he should not be restrained with flex cuffs, but rather should be cuffed with waist chains, with his hands at his sides. Plaintiff also told Defendants that he was in excruciating pain because the restraints were causing pressure to be applied to his broken wrist. Plaintiff rode in the transportation vehicle for over two hours, causing pain to his broken arm and cuts and bruises to his upper arm.

Plaintiff alleges compliance with the California Government Claims Act.

2.   *Plaintiff's Government Claims*

  a.   January 20, 2010, Claim

Plaintiff attaches two Government Claims to his First Amended Complaint. The first, attached as Exhibit C, is dated January 20, 2010, and is accompanied by an Application for Leave to Present a Late Claim. He lists approximately 16 dates under "Date of Incident," including June 25, 2009. Defendant Velasco is one of approximately 13 employees against whom the claim was filed. The locations of the incidents include CCI Medical Department, CCI Specialty Service Department and CCI-4B-R&R. Plaintiff believed that the state was responsible for his injury because the CCI Medical Department failed to provide adequate post-operative care for his right wrist, resulting in chronic pain and numbness. The description of his claim covers the period from November 2008 through December 2009, and details his medical care and alleged inadequacies.

Defendants contend that the January 20, 2010, claim was intended to complain about his medical care, not about the way Defendants Murry and Velasco treated him on June 25, 2009. Defendants believe that Plaintiff therefore failed to provide "sufficient information to enable [the public entity] to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974).

In support of their argument, Defendants point to the single sentence relating to the June 25, 2009, incident: "During the transportation to this consultation visit 4B medical transportation acted unprofessionally and failed to provide the proper medical necessities ordered by 4B physician Dr. Brian Grimm." Defendants contend that Plaintiff's next sentence demonstrates that he did not intend

for this claim to include the incident. Plaintiff states, "This issue is currently being reviewed by (Government Claims Board)." FAC 76.

In his reply, Plaintiff appears to concede that this claim was not the claim intended to raise the June 25, 2009, transportation event. Regardless, the Court agrees with Defendants that the January 20, 2010, claim concerned Plaintiff's overall medical care and did not fairly present the negligence claim relating to the June 25, 2009, incident. Fall River Joint Unified School Dist. v. Superior Court, 206 Cal.App.3d 431, 434 (1988) ("In addition, the factual circumstances set forth in the written claim must correspond with the facts alleged in the complaint; even if the claim were timely, the complaint is vulnerable to a demurrer if it alleges a factual basis for recovery which is not fairly reflected in the written claim.").

      b.   December 28, 2009, Claim

There appears to be no dispute that this claim, signed by Plaintiff on December 28, 2009, fairly reflects the allegations in the complaint. Defendants contend, however, that the claim was not timely.

Plaintiff's claim was accompanied by an Application to Present a Late Claim, which was denied by letter dated March 25, 2010. FAC 86. The letter explained that if Plaintiff wished to file a court action, he must first petition the appropriate court for an order relieving him of the claim presentation requirement. The petition must be filed within six months from the date the application was denied.

In their motion, Defendants explain that the proper court to file such a petition would have been the Kern County Superior Court, since the incident occurred in Tehachapi, California. Defendants are correct that Plaintiff does not allege that he petitioned *any* court for relief. Defendants further contend that the Kern County Superior Court does not have any record of a petition from Plaintiff.[1]

In his opposition, Plaintiff states that between April 6, 2010, when he received the Board's

---

[1] Defendants request that this Court take judicial notice of the docket search from Kern County Superior Court for the name "Paul Montanez." The search shows that on June 19, 2012, Plaintiff filed a civil complaint, Montanez v. Nickolic. There are no other cases bearing Plaintiff's name. The Court GRANTS Defendants' Request for Judicial Notice. The Court may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted).

5

denial, and July or August, he filed an action in the "Bakersfield Superior Court" entitled, <u>Montanez v. Velasco, Murry, Wilson</u>.  Opp'n 5.  Plaintiff contends that in this filing, he requested relief from Government Code section 945.4 and submitted medical records in support of his request, which was ultimately denied.  Plaintiff states that he contacted Bakersfield Superior Court and requested a case number, but did not receive a response.  Plaintiff further contends that he appealed this denial to the Fifth District Court of Appeal, Case Number F060117.  He states that the appeal was denied on September 1, 2010.

Plaintiff does not attach any evidence of the petition filed with either the Superior Court or the Fifth District Court of Appeal.[2]  Nonetheless, he concedes that he did not receive relief from the claim presentation requirement.  He requests that the Court either review the Fifth District's decision for abuse of discretion, or dismiss his state claim without prejudice.

The Court does not have jurisdiction to review the Fifth District's decision in his habeas action, nor can it review the Board's initial denial.  Instead, the Court must simply determine whether Plaintiff has met the requirements of the Act, and given the facts above, the Court finds that he has not.

### D.	FINDINGS AND RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that Defendants' Motion to Dismiss the negligence claim be GRANTED and the negligence claim be DISMISSED WITHOUT PREJUDICE.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies may be filed within fourteen (14) days of the objections.

---

[2] The Court searched for Case Number F060177 in the Fifth District Court of Appeal.  According to the docket, the title of the action was <u>In re Paul Montanez on Habeas Corpus</u>, and his petition was summarily denied on September 1, 2010. The Court may take judicial "notice of proceedings in other courts, both within and without the federal system, if those proceedings have a direct relation to matters at issue."  <u>Bias v. Moynihan</u>, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citation omitted).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 7, 2013**__   /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE