# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>VELASCO, et al.,<br><br>        Defendants. | ) 1:12-cv-00250-AWI-DLB PC<br>)<br>)<br>) FINDINGS AND RECOMMENDATIONS,<br>) RECOMMENDING TO DENY<br>) DEFENDANT'S MOTION TO DISMISS<br>)<br>) (ECF No. 25)<br>)<br>) THIRTY-DAY DEADLINE |

Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on February 22, 2012. He filed a First Amended Complaint on November 5, 2012. (ECF No. 13.) .

On February 12, 2013, the Court issued an order finding cognizable claims against Defendants Velasco and Murry for deliberate indifference, in violation of the Eighth Amendment, and negligence, and against Defendant California Correctional Institute ("CCI") for violations of the Americans with Disability Act ("ADA") and Rehabilitation Act ("RA"). (ECF No. 16.)

On May 10, 2013, Defendant CCI filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25.) Plaintiff opposed the motion on June 21, 2013, and

Defendant filed his reply on June 27, 2013.  (ECF No. 36.)  The motion is deemed submitted pursuant to Local Rule 230(*l*).

I. **LEGAL STANDARD**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party.  Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).  Further, although the pleading standard is now higher, the Ninth Circuit has continued to emphasize that prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. May 25, 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).

II. **ALLEGATIONS IN PLAINTIFF'S COMPLAINT[1]**

Plaintiff is currently incarcerated at the California Institution for Men, in Tehachapi, California, where the events in the complaint occurred.  Plaintiff alleges that Defendant CCI violated his rights under the ADA and RA.

On May 4, 2009, Plaintiff's primary care physician issued him a comprehensive accommodation chrono, requiring Plaintiff to be cuffed with waist chains and his hands at his sides at all times to prevent pain.  On November 13, 2008 and April 16, 2009, Plaintiff had

---

[1] The Court will only address Plaintiff's allegations regarding the ADA and RA claims due to the fact that these are the only claims against Defendant CCI.

surgery to his right dominant hand as a result of a non-healing fracture. Plaintiff's physician instructed him not to lift, pull, push, twist, or grab with his right hand, which was still in a cast as a result of the surgery. On Jun 25, 2009, Plaintiff's doctor stated that his hand was not fully healed and that he could not push, pull, lift, grasp, or grab with his right hand. Plaintiff alleges that this condition qualifies him as a qualified person with a disability under the ADA.

On May 4, 2009, Plaintiff's primary care physician issued him a comprehensive accommodation chrono, requiring Plaintiff to be cuffed with waist chains and his hands at his sides at all times to prevent pain. Plaintiff alleges this chrono establishes that he was qualified to receive the benefit of waist chains. Plaintiff was discriminated against when CCI officers refused to honor Plaintiff's waist chain chrono during transportation to an outside hospital for treatment. As a result, Plaintiff suffered severe pain and pressure to his wrist and lacerations to his forearms from the flex-cuffs that the officers used to secure him. Plaintiff alleges that he suffered discrimination because of his disability and that CCI receives federal financial assistance.

Plaintiff requests compensatory and punitive damages.

### III. DISCUSSION

#### A. Prior Screening Order

On February 12, 2013, this Court issued an order indicating that it had screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it stated ADA and RA claims against Defendant CCI. (ECF No. 16.) While the order finding a cognizable claim did not include a full analysis,[2] the Court conducted the same examination as it does in all screening orders. In other words, the Court's conclusion was based upon the same legal standards as this 12(b)(6) motion. Insofar as Defendant argues that Plaintiff's claim should be dismissed for

---

[2] Generally, the Court provides a fully reasoned analysis only where it must explain why the complaint *does not* state at least one claim. In cases where the complaint states only cognizable claims against all named defendants, the Court will issue a shorter screening order notifying plaintiff that his complaint states a claim and that he must submit service documents.

failure to state a claim, he wholly fails to acknowledge the Court's prior finding. 28 U.S.C. § 1915A; Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012).

     A screening order may not ignored or disregarded. Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005). To the contrary, the existence of a screening order which utilized the same legal standard upon which a subsequent motion to dismiss relies necessarily implicates the law of the case doctrine. As a result, the moving party is expected to articulate the grounds for the 12(b)(6) motion in light of a screening order finding the complaint stated a claim. Ingle, 408 F.3d at 594; Thomas v. Hickman, 2008 WL 2233566, *2-3 (E.D. Cal. 2008).

     In this regard, this Court recently explained:

> If the defendants in a case which has been screened believe there is a good faith basis for revisiting a prior determination made in a screening order, they must identify the basis for their motion, be it error, an intervening change in the law, or some other recognized exception to the law of the case doctrine. Ingle, 408 F.3d at 594 ("A district court abuses its discretion in applying the law of the case doctrine only if (1) the first decision was clearly erroneous; (2) an intervening change in the law occurred; (3) the evidence on remand was substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). The duty of good faith and candor requires as much, and frivolous motions which serve only to unnecessarily multiply the proceedings may subject the moving parties to sanctions. Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1119 (9th Cir. 2000). Parties are not entitled to a gratuitous second bite at the apple at the expense of judicial resources and in disregard of court orders. Ingle, 408 F.3d at 594 (The law of the case "doctrine has developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit.") (internal quotation marks and citation omitted); Thomas, 2008 WL 2233566, at *3 (for important policy reasons,
> the law of the case doctrine disallows parties from a second bite at the apple).

Chavez v. Yates, No. 1:09-cv-01080-AWI-SKO (PC) (E.D.Cal. Oct. 3, 2013) (ECF No. 41).

///

///

///

B.   Analysis

Here, rather than move forward with this action based upon the Court's findings in the screening order, Defendant now moves to dismiss the claim based on his argument that Plaintiff's complaint does not demonstrate the required elements of an ADA or RA claim.

There is no significant difference in analysis of the rights and obligations created by the ADA and Rehabilitation ACT." Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1046 n.11 (9th Cir. 1999.)  Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. Pa. Dept. of Corrs. v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052. Facially neutral policies may violate the ADA when such policies unduly burden disabled persons, even when such policies are consistently enforced. See, e.g., Martin v. PGA Tour, Inc., 204 F.3d 994, 999–1000 (9th Cir. 2000) (holding that a golf association rule banning use of golf carts in certain tournaments violated the ADA when it failed to modify this rule for a disabled golfer with a mobility impairment), aff'd, 532 U.S. 661 (2001).

A plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. See Phiffer v. Colum. River Corr. Inst., 384 F.3d 791 (9th Cir. 2004); Lovell, 303 F.3d at 1050-51. However, a plaintiff cannot seek damages pursuant to the ADA against the defendants in their individual capacities. Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002). To the extent a plaintiff seeks to pursue claims against any individual defendant for violations of the ADA, he may do so only with respect to seeking injunctive relief and only as to individual defendants he has named in their official capacities. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187–88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (plaintiffs seeking only prospective injunctive relief from defendants in their official capacities).

Defendant argues that the allegations do not show 1) that Plaintiff had a qualifying disability; 2) that CCI excluded Plaintiff from participating in, or deny him the benefit of, any of its services, programs, or activities; and 3) that Plaintiff was denied because of his disability. Defendant's argument takes the analysis beyond that applicable to the pleading stage.

At this stage, Defendant has not shown that the screening order was clearly erroneous so as to avoid application of the law of the case doctrine. Based on the allegations above, Plaintiff has set forth a plausible claim for relief under the applicable screening standards. Ashcroft v. Iqbal, 556 U.S. 662 (2009); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor).

///

IV. **FINDINGS AND RECOMMENDATIONS**

Based on the above, the Court HEREBY RECOMMENDS that Defendant's Motion to Dismiss, filed on May 10, 2013, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may file a reply to the objections within fourteen (14) days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 4, 2013**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE