# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>VELASCO, et al.,<br><br>　　　　　Defendants. | Case No. 1:12-cv-00250-AWI-DLB PC<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, RECOMMENDING DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 46) |

　　　　Plaintiff Paul Montanez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed this action on February 22, 2012. He filed a First Amended Complaint on November 5, 2012. (ECF No. 13.) On February 12, 2013, the Court issued an order finding cognizable claims against Defendants Velasco and Murry for deliberate indifference, in violation of the Eighth Amendment, and negligence, and against Defendant California Correctional Institute ("CCI") for violations of the Americans with Disability Act ("ADA") and Rehabilitation Act ("RA"). (ECF No. 16.)

　　　　Pending before the Court is Defendant CCI's Motion to Dismiss, filed May 10, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 25). On December 4, 2013, the Court issued a findings and recommendations recommending denying Defendant's Motion to Dismiss. (ECF No. 46.) Defendant CCI filed objections on January 2, 2014. (ECF No. 48.)

1

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In the objections, Defendants contend that Plaintiff's wrist injury was temporary, short-term, non-chronic.  Injuries with little or no long term or permanent impact are usually not considered disabilities under the law.   While additional factual allegations may be presented on summary judgment to shows Plaintiff's injury was in fact very minor and short in nature, the complaint alleges that the relevant injury began prior to the November 13, 2008 surgery.   The medical limitations Plaintiff had been given went until at least July 2009.  Plaintiff's limitations had not been removed on the day Defendants were transporting Plaintiff because Defendants were, ironically, taking Plaintiff to a follow up appointment with his surgeon.  Without the surgeon's examination and prison medical staff's review, it would have been impossible for any prison guard to know the further duration of Plaintiff's injury and proper limitations.   The Court finds that transportation of an inmate to an outside medical facility to obtain future examination and instructions concerning his wrist is a service that forms a plausible claim for relief under the ADA.  See McGary v. City of Portland, 386 F.3d 1259, 1268 (9th Cir. 2004).

Accordingly, it is HEREBY ORDDERED that the Court adopts:

1. The findings and recommendations, filed on December 4, 2013, in full; and
2. This action is REFERRED to the Magistrate Judge for further scheduling and proceedings.

IT IS SO ORDERED.

Dated:   March 25, 2014                    _____

SENIOR  DISTRICT  JUDGE