# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MONTANEZ, | Case No. 1:12-cv-00250 AWI DLB PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION [ECF Nos. 72, 74, 76] |
| v. | |
| VELASCO, et al., | ORDER DENYING PLAINTIFF'S MOTIONS FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL [ECF No. 73, 75] |
| Defendants. | |

Plaintiff Paul Montanez ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 22, 2012. He filed a First Amended Complaint on November 5, 2012.

On May 4, 2015, the Magistrate Judge issued Findings and Recommendations that recommended Defendants' motion for summary judgment be granted. The parties were granted thirty days from the date of service of the Findings and Recommendations to file objections. Over thirty days passed and no party filed objections. On June 16, 2015, the undersigned adopted the Findings and Recommendations in full and granted Defendants' motion for summary judgment, thereby concluding the case.

On July 10, 2015, Plaintiff filed a motion for reconsideration. On July 20, 2015, he filed a "revised" motion for reconsideration, as well as a motion requesting a sixty-day extension of time to file a notice of appeal. On July 28, 2015, Plaintiff filed a second motion for extension of time,

1

seeking thirty additional days. On August 14, 2015, he filed a "re-revised" motion for reconsideration.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order adopting the Findings and Recommendations because Plaintiff was not able to submit his objections for consideration. Plaintiff states he did not receive the Findings and Recommendations until May 20, 2015. Plaintiff argues

that May 20, 2015, is therefore the date of service. He argues that he had thirty (30) days from May 20, 2015, to file objections. He submitted a motion for extension of time on June 16, 2015, which he contends was timely; however, the Court denied the motion as untimely.

Plaintiff's argument is without merit. Under Federal Rules of Civil Procedure 5(b)(2)(C), the date of mailing is the date of service. Here, the Findings and Recommendations were mailed to, and therefore served on, Plaintiff on May 4, 2015. Plaintiff thus had until June 3, 2015, to file his objections. Consequently, Plaintiff's request for an extension of time on June 16, 2015, was untimely by 13 days. Plaintiff's arguments present no grounds for reconsideration.

With respect to Plaintiff's request for extension of time to file a notice of appeal, Plaintiff is advised that under Federal Rules of Appellate Procedure 4(a)(4)(A)(vi) and 4(a)(1)(A), an appellant generally has thirty days from the date of the dispositional order to file his notice of appeal. However, as noted by the order of the United States Court of Appeals for the Ninth Circuit, Plaintiff has already filed a notice of appeal. Plaintiff is directed, to conform with the instruction from the Ninth Circuit to "notify the [Court of Appeal] in writing of the ruling of [this Court] and … advise whether [he] intends to prosecute th[e] appeal," all within five days of the date of this order. ECF. No. 80.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motions for reconsideration are DENIED; and

2) Plaintiff's motions for extension of time to file a notice of appeal are DENIED.

IT IS SO ORDERED.

Dated: September 11, 2015

SENIOR DISTRICT JUDGE

3